UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOCAL UNION NO. 98<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS<br>1701 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and<br><br>ROBERT ROSATO, EDWARD<br>GILMORE, GERALD SHAEFFER,<br>EDWARD COPPINGER, HARRY FOY,<br>JOHN DOUGHERTY, TRUSTEES OF<br>THE LOCAL UNION NO. 98<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS, HEALTH<br>AND WELFARE FUND<br>1701 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and<br><br>THOMAS J. REILLY, DENNIS LINK<br>WILLIAM RHODES, EDWARD<br>NELISON, JOHN DOUGHERTY AND<br>JOSEPH AGRESTI, TRUSTEES OF<br>THE PENSION FUND<br>1701 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and<br><br>GERALD SHAEFFER, MARY RODDEN<br>HARRY FOY, TODD NEILSON, AND<br>ERIC TRUXON, TRUSTEES OF THE<br>LOCAL UNION NO. 98<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS, VACATION<br>TRUST FUND<br>1701 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and | NO. |

| | |
|---|---|
| BRUCE SHELLY, JAMES SCHLEIDEN, THOMAS MOORE, JR. KEVIN MCQUILLEN, WILLIAM CORAZO, TRUSTEES OF THE LOCAL UNION NO. 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, APPRENTICESHIP TRAINING TRUST FUND<br>1701 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and<br><br>THOMAS VASOLI, JOSEPH COTUMACCIO, LAWRENCE BRADLEY, HARRY FOY, IGNATIUS FLETCHER, ROBERT KELLEHER, TRUSTEES OF THE LOCAL UNION NO. 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DEFERRED INCOME FUND<br>1701 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and<br><br>JOHN M. GRAU, JACK F. MOORE, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND<br>1500 Walnut Street, Suite 504<br>Philadelphia, Pa 19102<br><br>Plaintiffs<br><br>v<br><br>IVC, INC. t/a INDUSTRIAL VALLEY CONTROLS, INC.<br>301 Circle of Progress<br>Pottstown PA 19464<br><br>Defendant | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

## COMPLAINT

AND NOW come the plaintiffs by and through their attorneys Marino, Conroy & Coyle and demand of the defendant costs, reasonable attorneys fees incurred in this prosecution and relief in the form of an order directing defendant to participate in an audit conducted by auditors selected by the plaintiffs to inspect payroll accounts such accounts maintained by defendant IVC, Inc. t/a Industrial Valley Controls, Inc. to determine contributions and withholdings due upon the cause of action set forth in the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Employment Retirement Income Security Act [ERISA], 29 U.S.C.A. § 1001 et seq.

2. This Court maintains original jurisdiction over the instant claims pursuant to 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 1132(e) as a result of the claims arising under the laws of United States and seeking redress for violations of the ERISA, 29 U.S.C.A. § 1001 et seq.

3. Venue of this matter is properly laid in this district pursuant to 28 U.S.C.A. §1391(b) and (c) as a result of a substantial part of the events or omissions giving rise to the claims set forth herein having occurred in this judicial district.

## THE PARTIES AND RELATED ENTITIES

4. Plaintiff Local Union No. 98, International Brotherhood of Electrical Workers (hereinafter referred to as "Local Union No. 98") is an unincorporated association commonly

known as a labor union having its principal place of business located 1701 Spring Garden Street, Philadelphia, PA 19130.

5. Local Union No. 98, IBEW Health & Welfare Fund, ("Health & Welfare Fund"), Local Union No. 98, IBEW Pension Fund ("Pension Fund"), Local Union No. 98, Joint Apprenticeship and Training Fund ("Training Fund"), Deferred Income Fund and IBEW Vacation Trust Fund ("Vacation Fund") are multi-employer benefit funds established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(3) and (37) of ERISA, 29 U.S.C.A. § 1002(3) and (37). Each of the funds aforementioned maintains its principal place of business is located 1701 Spring Garden Street, Philadelphia, PA 19130.

6. National Electrical Benefit Fund ("NEBF") is a multi-employer pension fund established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(2) and (37) of ERISA, 29 U.S.C. § 1002(3) and (37). NEBF is locally administered by the Pen-Del-Jersey Chapter of the National Electrical Contractors Association whose principal place of business is located 1500 Walnut Street, Philadelphia, PA 19102.

7. The individually named plaintiffs are trustees of the funds aforementioned and are fiduciaries of those Funds within the meaning of ERISA, 29 U.S.C. § 1002(21), and are authorized to advance this action on behalf of the funds for which they are trustees.

8. Defendant IVC, Inc. t/a IVC, Inc. t/a IVC, Inc. t/a Industrial Valley Controls, Inc., Inc., upon information and belief, is a corporation for profit organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business and registered office for process of service located 301 Circle of Progress Drive, Pottstown, PA 19464. At all relevant times material hereto IVC, Inc. t/a IVC, Inc. t/a Industrial Valley Controls, Inc., Inc. was engaged in the business of providing electrical services to the consuming public. At all relevant

times material hereto IVC, Inc. t/a IVC, Inc. t/a Industrial Valley Controls, Inc., Inc. acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment. Defendant IVC, Inc. t/a IVC, Inc. t/a Industrial Valley Controls, Inc., Inc. regularly conducts business or otherwise utilizes the market place of Philadelphia County.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

10. At all relevant times material hereto IVC, Inc. t/a Industrial Valley Controls, Inc. has been a party to the multi-employer collective bargaining agreement between Local 98 and the Philadelphia division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association ("Commercial Agreement") [See a copy of a Letter of Assent and the Commercial Agreement attached hereto and marked respectively Exhibit A and B].

11. Pursuant to Article II, Section 2.03(d) of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to furnish monthly reports to Local Union No. 98 listing the names of the members of the Union employed, number of hours of employment and the gross earnings of each.

12. Pursuant to Article III, Section 3.01 of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the NEBF and to submit monthly payments to the NEBF's designated local collection agent consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

13. Section 6.7.1 of the Trust Agreement establishing the NEBF empowers trustees of the NEBF to send auditors of their selection to inspect a Contributing Employer's payroll accounts and such accounts as shall be necessary for the purpose of determining contributions due.

14. Pursuant to Article III, Section 3.03 and 3.09(b) of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Health & Welfare Fund and provide monthly payments to the Health & Welfare Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

15. Section 3(b) of the Trust Agreement establishing the Health & Welfare Fund empowers trustees of the Health & Welfare Fund to send auditors of their selection to inspect a Contributing Employer's payroll accounts and such accounts as shall be necessary for the purpose of determining contributions due.

16. Pursuant to Article III, Section 3.04 and 3.09(b) of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Pension Fund and provide monthly payments to the Pension Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

17. Section 4.4 of the Trust Agreement establishing the Pension Fund empowers trustees of the Pension Fund to send auditors of their selection to inspect a Contributing Employer's payroll accounts and such accounts as shall be necessary for the purpose of determining contributions due.

18. Pursuant to Article III, Section 3.05 and 3.09(b) of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Deferred Income Fund and provide monthly payments to the Deferred Income Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

19. Section 3.3 of the Trust Agreement establishing the Deferred Income Fund empowers trustees of the Deferred Income Fund to send auditors of their selection to inspect a Contributing Employer's payroll accounts and such accounts as shall be necessary for the purpose of determining contributions due.

20. Pursuant to Article III, Section 3.06 and 3.09(b) of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Apprentice Training Fund and to remit monthly payments to the Apprentice Training fund consistent with the terms of the Trust Agreement and the Commercial Agreement.

21. Section 4.3 of the Trust Agreement establishing the Apprentice Training Fund empowers trustees of the Apprentice Training Fund Deferred Income Fund to send auditors of their selection to inspect a Contributing Employer's payroll accounts and such accounts as shall be necessary for the purpose of determining contributions due.

22. Pursuant to Article III, Section 3.07 of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to deduct from the pay of each employed IBEW member working dues consistent with that amount specified in the approved Local Union No. 98 by-laws and remit the same to Local Union No. 98.

23. Pursuant to Article III, Section 3.08 and 3.09(b) of the Commercial Agreement, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to comply with applicable provisions of the Trust Agreement establishing the Vacation Fund and to deduct from the pay of each employed IBEW member a percentage of the employee's gross wages as set forth in the Commercial Agreement and forward the same along with a transmittal form setting forth the names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees to the banking institution managing the fund in a manner consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

24. Section 4.8 of the Trust Agreement establishing the Vacation Fund empowers trustees of the Vacation Fund to send auditors of their selection to inspect a Contributing Employer's payroll accounts and such accounts as shall be necessary for the purpose of determining deductions due.

25. Despite repeated demands advanced by the plaintiffs, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. has failed to promptly furnish to the plaintiff trustees records and information relating to covered employees necessary and required by the plaintiffs to properly discharge their duties.

26. Despite repeated demands advanced by the plaintiffs, defendant IVC, Inc. t/a Industrial Valley Controls, Inc. has failed to or otherwise refused to participate in an audit noticed by the plaintiffs to inspect payroll accounts and such accounts maintained by defendant IVC, Inc. t/a Industrial Valley Controls, Inc. as shall be necessary for the purpose of determining contributions and withholdings due.

## COUNT I
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
### LIABILITY FOR DELINQUENT CONTRIBUTIONS, PENALTY AND INTEREST
### (Plaintiffs v IVC, Inc. t/a Industrial Valley Controls, Inc.)

27. Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

28. Defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is an employer within the meaning of 29 U.S.C.A. § 1002(5).

29. Defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to make contributions and submit withholdings to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145.

30. Defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to produce upon demand of the plaintiffs records and information maintained by defendant IVC, Inc. t/a Industrial Valley Controls, Inc. relating to covered employees necessary and required by the plaintiffs to properly discharge their duties.

31. Defendant IVC, Inc. t/a Industrial Valley Controls, Inc. is obligated to participate upon demand of the plaintiffs in an audit noticed by the plaintiffs to inspect payroll accounts and such accounts maintained by defendant IVC, Inc. t/a Industrial Valley Controls, Inc. as shall be necessary for the purpose of determining contributions and withholdings due.

32. As a direct and proximate result of defendant IVC, Inc. t/a Industrial Valley Controls, Inc.'s actions or omissions the plaintiffs have been unable to inspect records and information maintained by defendant IVC, Inc. t/a Industrial Valley Controls, Inc. relating to covered employees necessary and required by the plaintiffs to properly discharge their duties.

33. As a direct and proximate result of defendant IVC, Inc. t/a Industrial Valley Controls, Inc.'s actions or omissions the plaintiffs have been unable to inspect payroll accounts and such accounts maintained by defendant IVC, Inc. t/a Industrial Valley Controls, Inc. to determine contributions and withholdings due.

34. As a direct and proximate result of defendant IVC, Inc. t/a Industrial Valley Controls, Inc.'s violation of 29 U.S.C.A. § 1145 plaintiffs have been caused to incur costs and reasonable attorneys fees associated with prosecuting this matter.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant IVC, Inc. t/a Industrial Valley Controls, Inc. and the relief which follows:

I. Defendant be ordered to submit to an audit at the request of plaintiffs; as contemplated by 29 U.S.C.A. § 1132(g)(2)(E);

II. That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

III. That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1).

                                                Respectfully submitted,

                                                MARINO, CONROY & COYLE
301 Wharton Street
Philadelphia, Pa 19147
Telephone (215) 462-3200
Telecopier (215) 462-4763

By: SFM6768
Steven F. Marino, Esquire
PA Identification # 53034
Dated: July 15, 2010                    Attorneys for Plaintiffs